(No. 30085.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. WILLIAM COZZIE, Plaintiff in Error.

*Opinion filed September 18, 1947.*

JULIUS L. SHERWIN, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, William Cozzie, was indicted in the criminal court of Cook county for the crime of assault with intent to rape; was tried before the court without a jury on July 16, 1946; was found guilty, and sentenced to confinement in the penitentiary.

Plaintiff in error, hereafter referred to as defendant, does not urge the facts are insufficient to constitute the crime, if the specific intent to commit it was present, but bases his claim to a reversal by asserting he was so intoxicated he was unable to form the specific intent required to constitute the crime; that proper evidence was excluded by the court, and that the defendant had a good reputation for chastity and as a law-abiding citizen.

The assault took place in the early morning of May 4, 1946, about 2:30, when the complaining witness was returning from work. She was dragged from a doorway where she sought to escape the attention of a man who was following her, thrown to the ground in a vacant lot, her clothes torn and disarranged, face and body bruised, and after once escaping the assailant's grasp, was again seized and thrown to the ground, and was rescued by two men who heard her cries for assistance.

Without going into the details it was a brutal assault, and had it been successful the defendant would undoubtedly have been guilty of rape. The acts accompanying the assault were sufficient to manifest the intent to rape, as held under almost the same state of facts in *People* v. *Mayer*, 392 Ill. 257. The principle is well established that intent may be inferred from acts as well as words spoken during the assault. (*People* v. *Maher*, 377 Ill. 488; *People* v. *Kruse*, 385 Ill. 42.) While the defendant does not urge the acts proved are insufficient, he does claim the specific intent is absent because of intoxication. If he was not capable of forming an intent because of intoxication this would be a defense, where specific intent is an element

of the crime. (*People* v. *Jones,* 263 Ill. 564.) This is, however, a question of fact to be established as any other fact. A specific intent need not be expressed, but may be gathered from other facts. *People* v. *Garafola,* 369 Ill. 232.

Defendant professes to have had no recollection of the transaction. He had been drinking beer in large quantities during the day. Different witnesses testified to his being "pretty much under the influence of liquor and drunk;" "extremely intoxicated;" and "definitely drunk." As opposed to this a policeman who took him in charge immediately after the assault, said "he had been drinking," and "his walk was steady," and that he refused to make a statement, and said he did not want to talk. The defendant described the course he took to go home; he gave his house address, and he listened to the statements of the witnesses, and made no objection to what was said. Another witness, who helped to seize him, said he had been drinking but was not drunk, and the other said he smelled of liquor. In addition to this, the defendant was able to make enough resistance to require two men to subdue him until the policeman arrived. The court, who heard and saw the witnesses, was in a better position to judge of the extent of the defendant's intoxication than is this court. There is ample evidence that his intoxication was not so great as to exclude his having the specific intent charged in the indictment, and, under such circumstances, we will not substitute our judgment for that of the trial court. *People* v. *Bolger,* 359 Ill. 58.

The defendant also charges the court erred in sustaining an objection to certain questions put to a witness, which he says were designed to bring out the extent of his intoxication. The proof shows that defendant described fully the history of his drinking during the day. As pointed out above, witnesses testified to the extent of intoxication of the defendant, so when the defendant asked

the policeman who took charge of him as to what degree of drunkenness existed between stone sobriety and any intoxication, the answer to this question, of course, would be a conclusion or comparison of states of mind, known only to the witness. He had already been asked, and had stated the man had been drinking, and said it was hard to tell to what extent he was intoxicated, which would be sufficient, without requiring the witness to compare it with hypothetical conditions between sobriety and drunkenness. The objection is highly hypercritical.

Defendant also claims that the evidence proving a good reputation for morality and chastity and being a law-abiding citizen was of such weight as to justify a reversal. The law is well settled that if the guilt of the accused is clearly established, proof of a good reputation avails nothing. (*People* v. *Anderson,* 239 Ill. 168; *People* v. *Klemann,* 383 Ill. 236.) The evidence in this case that an outrageous assault was made upon the complaining witness is not denied; nor is it urged that if the defendant had not been drunk it would not have constituted the crime of assault with intent to rape. The evidence shows that the defendant had sufficient mentality to know where he had been during the day; what he had been doing; where his home was; and that, after arrest, he did not care to talk. The finding of the court that he had sufficient mental ability to form the specific intent is amply supported by the evidence, and justified the finding of guilt.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*