THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DALTON LITCH, Defendant-Appellant.

(No. 71-133; ■■■■■■■■■

Second District—April 14, 1972.

Steve Helfer, Public Defender, of Rochelle, for appellant.

John B. Roe, State's Attorney, of Oregon, (Alan Cargerman, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein had previously been a police officer for the City

of Freeport, and had been employed in that capacity with the City of Rochelle until May of 1970. On June 6, 1970, he was arrested in front of a saloon in Rochelle where he was found in front of the premises with his shirt off, standing over a young lady he had pushed down to the sidewalk which had attracted a considerable crowd. He was arrested by officers Clark and Preston of the Rochelle police department and taken to the police station. There he struck officer Clark in the head, a fight ensued, and he was finally subdued by four police officers.

The defendant was charged with aggravated assault in violation of Ill. Rev. Stat. 1969, ch. 38, par. 12—2(a) (6). Upon a plea of not guilty he was tried by a jury, found guilty, and upon his application for probation it was granted with the first three months to be spent in the county jail on a "work release" program under the provisions of Ill. Rev. Stat. 1969, ch. 75, par. 35, *et seq.*

Questions raised in this appeal are that the court should have directed a verdict on the charge of aggravated assault on the ground that there was no proof that the complaining witness was apprehensive or fearful of receiving a battery; that defendant knew the arresting officer Clark was a police officer; that improper questioning of the girl involved raised the innuendo that defendant was engaging in extra marital activities; that two instructions tendered by defendant should have been given; and that the sentence is excessive. While the sole argument raised by defendant in his motion for a new trial was that the verdict was contrary to the law and the evidence, we will pass upon defendant's contentions nonetheless.

"Assault" is defined in Ill. Rev. Stat. 1969, ch. 38, par. 12—1 as follows:

"(a) A person commits an assault when, without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery."

"Aggravated assault" is likewise defined in Ill. Rev. Stat. 1969, ch. 38, par. 12—2 as follows:

"(a) (6) A person commits an aggravated assault, when, in committing an assault, he * * * knows the individual assaulted to be a peace officer * * * while such officer is engaged in the execution of any of his official duties."

■■ No mental state is required to be proven in the case of a simple assault. The statute, in defining the offense does not make the mental state of the defendant an essential element of the offense, *viz.*, knowingly, wilfully or with intent. Assault appears to be in the category of offenses covered by Ill. Rev. Stat., ch. 38, par. 4—9, imposing absolute liability for certain conduct where the punishment does not include incarceration or a fine exceeding $500.00.

The defendant discusses section 4—3 to 4—6, Ill. Rev. Stat. 1969, ch. 38, pertaining to mental state of the defendant, intent and conduct of the defendant performed knowingly.

● 2-4 The only mental state required in an assault upon a police officer is that the accused knowingly committed an assault upon a police officer knowing he was a police officer, engaged in the execution of his duties. Examination of the facts shown in the record show conclusively that the defendant knew that the officer was a policeman, *viz.* the defendant himself had been a police officer and knew the complaining witness personally for five years; he had been his partner in the Rochelle squad car for one year; during the arrest a discussion was had as to whether the arresting officer would put handcuffs on the accused who told him that they were not necessary, and lastly, the officer assaulted was in uniform, one that defendant could readily recognize having worn the same uniform for several years. The accused took the stand and stated that on the day in question he had drunk two quarts of rum. Voluntary intoxication is a defense to a crime requiring knowledge or intent and may be, and was here submitted to the jury as a defense. This is a factual matter for the determination by the trier of facts, here the jury, unless the finding is so contrary to the evidence that it cannot stand. The jury here did not believe that defendant was so intoxicated that he was not responsible for his actions. Additionally, "the intent may be inferred from acts of the accused, the character, manner and circumstances of the accused, the character, manner and circumstances of the assault as well as from his words." (*People v. Garafola* (1938), 369 Ill. 232, 16 N.E.2d 741.) The defendant here on two ocasions said "I am going to hit you" and "I am going to hit somebody." See also *People v. Cozzie* (1947), 397 Ill. 620, 74 N.E.2d 685.

■■ The defendant further contends that the State did not prove that the complaining witness was apprehensive or fearful of receiving a battery. This contention is without merit. Under the facts presented to the jury here, they were well justified in holding that officer Clark was "in reasonable apprehension of receiving a battery," which he in fact did receive. We have previously held that charging a defendant with assault rather than battery where in fact there was a battery is not error. See *People v. Franks* (1969), 108 Ill.App.2d 438, 247 N.E.2d 811.

■■ Defendant next contends that two instructions tendered by him, refused by the court should have been given. The first dealt with "specific intent" to assault one he knew to be a police officer. The other was a statement of the statutory law as to the definition of intent. This was not error. The State tendered and three instructions were given dealing with this specific subject, to-wit: "a person commits the crime of aggra-

vated assault who, in committing an assault *knows* the individual assaulted is a police officer * * *"; "That the defendant *knew* that Robert Clark was a peace officer engaged in the execution of an official duty * * *" and "* * * his intoxication would be no excuse for his unlawful conduct, unless you further believe from the evidence that at the time such conduct occurred the defendant was incapable *of knowing* that Robert Clark was a peace officer engaged in the execution of an official duty." (Underlining supplied.) The defendant also tendered and an instruction was given in the verbatim language of the Statute pertaining to "knowledge" *viz.*, (Ill. Rev. Stat. ch. 38, par. 4—5). The jury was adequately instructed on the question of intent and knowledge.

■■ Another argument of the defendant is that evidence was introduced prejudicial to the defendant in that the inference was that he was indulging in "extra marital activities." It is to be expressly noted that the "woman in the case" was brought in by the defendant. She was not a State's witness, and most of her testimony was elicited upon direct examination by defense counsel. To now argue that this testimony was prejudicial to the defendant is completely without merit.

■■ The last contention of the defendant is that "jail time" together with probation "requires reduction of sentence." We do not agree. The defendant had been a police officer. As such he was more than fully aware that drunkenness and a subsequent assault are offenses against the peace and dignity of the State. It may well be stated that an even higher degree of conduct would be expected of him than the ordinary citizen.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.