THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DENNIS R. BELLER, Defendant-Appellant.

Second District (1st Division)    No. 75-543

Opinion filed February 10, 1977.

Smythe & Lee, of Waukegan, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of battery (Ill. Rev. Stat. 1973, ch. 38, par. 12—3(a))[1] after a jury trial and sentenced to a term of 2 years probation

---

[1] The statute provides:

"A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual."

Under the Criminal Code a person acts with knowledge of the nature or attendant

with the condition that he serve 6 months in the county jail on work release. Defendant appeals, contending that the trial court committed reversible error in admitting over objection volunteered opinion testimony of a police officer that when the defendant committed the acts allegedly constituting a battery he did so knowingly.

Defendant, in the early morning hours of August 10, 1975, entered the house of Virginia Krueger and encountered Ms. Krueger in the house. Ms. Krueger was able to call the police. Subsequently defendant assaulted her, attempting to molest her sexually. The authorities arrived and defendant was apprehended. Evidence submitted by defendant indicated that he had consumed a substantial number of beers on August 9, 1975. Evidence submitted by the State's witnesses indicated that he was in a somewhat intoxicated condition at the time he was apprehended in the early morning hours of August 10, 1975. At trial defendant's defense was that his intoxicated state prevented his having the specific intent to commit a battery.

On the issue of whether defendant knowingly committed the battery the State offered the testimony of a Lake County deputy sheriff, Ralph Connard:

"Q In your capacity as a deputy sheriff have you seen people under the influence before?

A Yes.

Q And in your social life have you seen people under the influence of intoxicating liquor?

A Yes, sir.

Q Could you make an opinion as to the degree of the defendant's intoxication?

MR. ROUX: I would have to object to this question as to a proper foundation and phrasing of that particular question.

THE COURT: We'll allow the answer.

THE WITNESS: I detected an obvious strong odor of an alcoholic beverage on the defendant's breath. The effect appeared to be obvious. *However, in my opinion, from previous experiences I believe he knew what he was doing.*

MR. ROUX: Object to that and ask it be stricken.

THE COURT: We'll deny the motion." (Emphasis added.)

■■ In asserting that the trial court erred defendant first argues that *People v. Cozzie*, 397 Ill. 620 (1947), indicates that the Illinois Supreme Court does not approve of the use of opinion testimony to indicate a

---

circumstances of his conduct proscribed in the statute defining the offense "when he is consciously aware that his conduct is of such nature or that such circumstances exist." (Ill. Rev. Stat. 1973, ch. 38, par. 4—5). Also in the Criminal Code a person acts intentionally to accomplish a result or engage in conduct proscribed by the statute "when his conscious objective or purpose is to accomplish that result or engage in that conduct." Ill. Rev. Stat. 1973, ch. 38, par. 4—4.

person's state of mind. In *Cozzie*, a police officer was testifying as to defendant's intoxicated condition and counsel sought to question the officer "as to what degree of drunkenness existed between stone sobriety and any intoxication." The trial court refused to permit the question. The supreme court concluded that the trial court had not erred, noting that the answer to the question would have been a "conclusion or a comparison of states of mind, known only to the witness." The People argue that *Cozzie* is not applicable to this case. We agree. The supreme court's rejection of defendant's contention in *Cozzie* went to the form and timing of the question put to the witness rather than to the fact that opinion testimony as to mental capacity may have been involved.

The defendant also contends that the testimony of the police officer should have been disallowed because it permitted an invasion of the jury's province in that the witness offered an opinion on an ultimate question of fact which by its nature was a jury question. In support of this argument defendant cites *Gillette v. City of Chicago*, 396 Ill. 619 (1947). The People correctly point out that the rule of *Gillette* was implicitly overruled in *Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.*, 49 Ill. 2d 118, 121, 122 (1971). There the supreme court approved the use of expert testimony on the ultimate issue in a case, noting that the trier of fact was not required to accept the opinion of an expert. See also McCormick on Evidence §12, at 26-29 (2d ed. 1971).

In our view the opinion testimony of Officer Connard to the effect that defendant understood what he was doing is best characterized as nonexpert rather than expert testimony in view of the fact that lay persons are familiar generally with states of intoxication. The record indicates that Officer Connard was with defendant for a substantial period of time following his arrival at the Krueger residence. He had adequate opportunity to observe defendant's condition and described this condition in detail at trial.

■■ Laymen may express opinions on the question of intoxication based on their personal observation and experience without invading the province of the jury. (*City of Crystal Lake v. Nelson*, 5 Ill. App. 3d 358, 362 (1972); *People v. Reeder*, 2 Ill. App. 3d 471, 475 (1971).) Qualified lay witnesses may similarly give their opinion on the ultimate issue of sanity. *People v. Smothers*, 55 Ill. 2d 172, 174 (1973); *People v. Williams*, 38 Ill. 2d 115, 123 (1967); *People v. Arnold*, 17 Ill. App. 3d 1043, 1049 (1974).

The more particular question in this case is whether a lay witness may give opinion evidence based upon personal observation as to defendant's mental capacity related to the formation of intent, given evidence of intoxication. We conclude that he may. There would seem to be no reason to apply a different rule as to nonexpert testimony relating to criminal responsibility and capacity as affected by intoxication rather than by

insanity or other mental states which may avoid responsibility for one's conduct. Article 6 of the Criminal Code of 1961 deals with matters of criminal responsibility and capacity as affected by infancy, mental disorder and intoxication. (Ill. Rev. Stat. 1973, ch. 38, pars. 6—1 (infancy), 6—2 (insanity), 6—3 (intoxicated or drugged condition).) Each of these affirmative defenses to a charge of criminality relates to a mental state or capacity which, if proved, will avoid criminal responsibility for the acts of an accused. See also 31 Am. Jur. 2d *Expert and Opinion Evidence* §90, at 606-08 (1967).

The testimony offered by Officer Connard in this case was to the effect that defendant's will could control his actions. "[A]n inquiry whether [defendant] knew the difference between right and wrong, or whether his will could control his actions, would be proper." VII Wigmore on Evidence §1958(2), at 93 (3d ed. 1940). See also 4 Callaghan's Illinois Evidence §7.27, at 250-254 (1964).

■■ While it is true that the testimony offered by Officer Connard pertained to the ultimate question as to state of mind ("intentional" and "knowing") which was considered by the jury in this case, that testimony is admissible as a reflection of the witness' personal observation which the jury was entitled to consider. The rule applicable in this case is in essence the same rule governing lay witness opinion testimony as to sanity. Officer Connard, as a person who had adequate opportunity to observe defendant, was entitled to offer an opinion as to defendant's mental capacity to knowingly commit a battery at the time he observed him.

The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and GUILD, J., concur.