THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEWIS·A. JORDAN, Defendant-Appellant.

Fourth District    No. 17237

Opinion filed December 30, 1981.—Rehearing denied January 28, 1982.

Daniel D. Yuhas and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLS delivered the opinion of the court:

Aggravated battery by an 18-year-old man upon a 66-year-old woman.

Bench trial.

Guilty.

Two years.

We affirm.

On appeal, Jordan argues that he was not proved guilty of aggravated battery beyond a reasonable doubt because the State failed to prove that he knew his victim was 60 years of age or over, and because the evidence did not indicate the victim had received great bodily harm.

Defendant also contends that he is entitled to 18 days' additional credit for time served in jail prior to his conviction on this offense.

The facts are not in dispute. On December 7, 1980, 66-year-old Eloise Lord was at the Vanco Gas Station in Decatur. She had gone into the gas station for a "bottle of pop" while her daughter-in-law purchased gasoline. Jordan was standing at the counter when she went to pay for the soda, and he was "talking filthy" to his friends there. Her daughter-in-law had joined her, and the two stood for approximately 20 minutes, waiting to complete the purchase. Finally, Mrs. Lord said, "Let's put the pop down, we don't have to listen to this." Both women testified that Jordan turned toward Mrs. Lord, used some "dirty" language, and shoved her. She got up, took some steps toward Jordan, and was shoved back down again. Mrs. Randall—the daughter-in-law—recalled that, after seeing this, she told Jordan to stop, and Jordan kicked her in the leg. After kicking the daughter-in-law, Jordan hit Mrs. Lord in the stomach with his fist as she rose, and hit her in the face as she started out the front door. Two other witnesses corroborated the testimony that Jordan pushed Mrs. Lord down and hit her with his fist.

The court made a finding of guilt and later conducted a sentencing hearing. The presentence report included the information that Jordan had spent 10 hours in custody immediately after his arrest, had then been released with a notice to appear, had been rearrested on February 23, 1981, when he failed to appear, and had been incarcerated from then until March 12, 1981. At the close of the hearing, Jordan was sentenced to 2 years in the Department of Corrections, with credit for 1 day served being given.

## I

Defendant first argues that he was not proved guilty of aggravated battery beyond a reasonable doubt because the State failed to prove he had knowledge of Mrs. Lord's age before he battered her. The defendant was charged with aggravated battery under section 12—4(b)(10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(10)), for pushing Mrs. Lord, a 66-year-old woman, to the ground and striking her in the face with his fist. He challenged the constitutionality of that section in a pretrial motion, asserting that the statute involved an irrational classification and failed to require knowledge by the defendant that the battery victim was 60 years of age or over. The trial court rejected that argument and found a rational basis for the classification because the legislature intended to protect the elderly by enacting section 12—4(b)(10) and that prior knowledge by the defendant of the victim's age was not an element of the offense of aggravated battery under that section.

Section 12—4(b) describes that conduct which will make the offense of simple battery an aggravated battery and clearly enunciates that persons engaged in certain work activities are to be protected. Those sections protecting the various occupations also require that a defendant be aware that his victim is a member of a protected class before he can be convicted of aggravated battery, *i.e.*, "knows the individual harmed to be" a member of a protected class. (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(3) through (7), (9).) These sections specifically require the State to prove that the defendant knowingly inflicted bodily harm upon his victim *and* that he knew the protected status of his victim at the time of the attack. See *People v. Litch* (1972), 4 Ill. App. 3d 788, 281 N.E.2d 745.

■■ Sections 12—4(b)(8) and (10), however, do not require knowledge by the defendant that his victim is a member of a protected class. In section 12—4(b)(8), aggravated battery is committed if the battery occurs on or about a public way, public property, or a public place of accommodation or amusement, and in section 12—4(b)(10), aggravated battery is committed if the victim battered is 60 years of age or older. The statutory language defining these offenses omits the phrase "knows the individual harmed to be" which appears in those sections protecting classes of persons because of their occupation. The legislative history of section 12—4(b)(10) clearly shows that prior knowledge by the defendant of his victim's age was not intended to be an element of the offense. The Illinois House floor debates concerning the passage of Senate Bill 198, the precursor of section 12—4(b)(10), reflect that an amendment requiring section 12—4(b)(10) include the language "knows the individual harmed to be" was presented and rejected. (See House Floor Debates, 81st General Assembly, 1979-80, microfiche No. 67—73.) At the time of the vote on the bill, discussion on the floor indicated that section 12—4(b)(10) was to protect senior citizens who were defenseless and often the prey of muggers, and that the person who sought to attack another did so at the risk that his victim would be 60 years old. In debate, the legislators compared the lack of scienter in section 12—4(b)(10) to other criminal statutes which do not require the State to prove that the defendant was aware of his victim's age, *e.g.*, section 11—4 (indecent liberties with a child) and section 11—5 (contributing to the sexual delinquency of a child). To so require—the legislators reasoned—would be so difficult that the purpose of the act would be nullified, and they recognized that a person's age is not so readily ascertainable as is the status of a person who is a police officer or a fireman. Therefore, it is inescapable that the legislature did not intend section 12—4(b)(10) to require the State to prove as an element of the offense that the defendant had prior knowledge of the victim's age.

## II

Assuming that a conviction under section 12—4(b)(10) cannot be sustained, defendant was nevertheless proved guilty of the subject crime under section 12—4(a) for inflicting great bodily harm upon the victim, even though he was charged under section 12—4(b)(10). Any variance between the crime charged and that proved is not fatal because the defendant was not misled in his defense or exposed to double jeopardy. (*People v. Rosochacki* (1969), 41 Ill. 2d 483, 244 N.E.2d 136; *People v. Hadley* (1974), 20 Ill. App. 3d 1072, 314 N.E.2d 3.) Testimony at trial depicted injuries greater than those normally attendant with simple battery. Defendant pushed the 66-year-old victim into some shelves in the grocery store at the gas station, causing her to fall to the floor. She tried to regain her footing twice, but the defendant again shoved her to the floor. When she did regain her footing, she was struck in the stomach and on the jaw by the defendant's fist, causing her to fall into a cake rack and onto the floor for a third time. Before the defendant was finally subdued, Mrs. Lord had been knocked to the ground four times. She had multiple contusions on her back, a sore jaw, a swollen face, and bruised arms and ribs. Mrs. Lord received emergency treatment at the hospital and was bedridden for three weeks as a result of the attacks. And no evidence was presented to contradict these facts. (Her hospital, doctor, and medicinal bills totaled $222.39.)

■■ Since the essence of the offense of aggravated battery committed by the defendant against Mrs. Lord was contained in the information, he cannot claim that he was surprised when the court ruled that he was guilty of aggravated battery because he had inflicted great bodily harm upon her. He clearly did not make an objection to the ruling or finding.

## III

■■ Certainly, the defendant's contention that he was not proved guilty of aggravated battery beyond a reasonable doubt for inflicting great bodily harm upon Mrs. Lord is devoid of merit. A finding of great bodily harm is not dependent upon hospitalization of the victim or even that the victim received medical attention. (*People v. Carmack* (1977), 50 Ill. App. 3d 983, 366 N.E.2d 103; *People v. Newton* (1972), 7 Ill. App. 3d 445, 287 N.E.2d 485.) Nor must the victim suffer permanent disability or disfigurement. (*People v. Smith* (1972), 6 Ill. App. 3d 259, 285 N.E.2d 460.) The question of whether the injuries rise to the level of great bodily harm is a question of fact for the trier of fact. (*People v. Olmos* (1978), 67 Ill. App. 3d 281, 384 N.E.2d 853.) Under all the circumstances here, the record fully supports the finding of guilt beyond a reasonable doubt.

## IV

Finally, defendant argues that he is entitled to 18 additional days' credit for time served in jail prior to his conviction in addition to the 1 day's credit received. The presentence report states that the defendant was arrested and jailed on February 23, 1981, for failure to make a court appearance and was not released until March 12, 1981. But the report of proceedings and common law record in this case make no mention of the forfeiture of the defendant's bond or issuance of an arrest warrant. Nor was there the issuance of a new bond to replace the bond supposedly forfeited which allowed the defendant's release on March 12, 1981. (His bench trial began March 30, 1981.) It seems apparent that the defendant's subsequent arrest and temporary jailing must have been for some reason other than this offense. At no time did the defendant mention spending over two weeks in jail.

No error.

Affirmed.

GREEN, P. J., and LONDRIGAN, J., concur.