THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DANNY GEORGE, Defendant-Appellant.

Fifth District   No. 5—85—0022

Opinion filed February 3, 1986.

Randy E. Blue and Daniel W. Kirwan, both of State's Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

After trial in the Williamson County circuit court, a jury found defendant Danny George guilty of residential burglary and theft. The court sentenced him to four years of imprisonment on each count, to be served concurrently. Defendant appeals.

The evidence regarding the offense of burglary was all circumstantial. Earnest and Verlinda Newton of Cambria returned home from church shortly after 8 p.m. on Sunday, November 13, 1983. They discovered that their home had been burglarized in their absence. Many of the missing items were jewelry. After reporting the burglary, on November 14, the Newtons consulted Don's Jewelry in Herrin, where the Newtons had purchased much of the jewelry, to value the missing items. Don advised the Newtons to check places that the jewelry might have been sold. Two of the Newtons' rings were recovered on November 21 from McNeill's Jewelry, 214 South Illinois Avenue, Carbondale. One was described as a twisted wire amethyst ring made by Allen Stuck. C. E. McNeill testified that he bought the two rings from defendant, paying with a check for $35 made payable to Danny George and dated November 15, 1983. McNeill had no independent recollection of writing the check or of who he bought the rings from, other than that it was a white male. However, he testified he habitually dated checks with the date he

wrote them and asked payees for identification. Jayleen Waldron, a teller at a Carterville bank, testified that defendant cashed the check at her bank window. She testified that she had no doubt that defendant cashed the check because she already knew him on sight. She could not testify from memory what date defendant cashed the check; her teller's stamp noted the date as November 15, but dates on the stamps were changed each day at about 2 p.m. to the following day's date.

Waldron testified that the check was dated November 14, 1983. The check was in evidence at trial, but does not accompany the record on appeal.

Four rings taken from the Newton home were recovered from Don Smith, owner of the Carbondale Ben Franklin store. A sheriff's investigator testified that he showed Smith two photograph lineups; each time Smith identified defendant's brother Jimmy George as the person who sold him the rings. Both lineups included defendant's photograph. There was testimony that defendant and Jimmy George were very similar in appearance, except that defendant had shoulder-length hair, while Jimmy George had short hair and was a member of the National Guard.

The Newtons testified that one of the places they looked for their jewelry was Pan American Imports, a pawn shop on South Illinois Avenue in Carbondale. According to the Newtons, the shop was closed all day on Monday, November 14, the day they first went there. Shortly before noon that day, they saw defendant on the sidewalk outside that shop, though they were not certain then that it was him.

Clifton Helton testified that he and Jimmy George were together on the evening of November 13 or 14 until well after dark, when the two went for a drive with defendant and Joey Nauman. According to Helton, Nauman gave Helton a necklace and a coin, then either ignored or did not hear Helton's question as to where those items came from; defendant made no comment concerning the items.

Nauman testified that he pleaded guilty to an unrelated burglary and was now a resident of a drug and alcohol rehabilitation house. Nauman admitted that "we" burglarized the Newton house, but did not identify "we." According to Nauman, he gave defendant two rings from the Newton burglary to pawn.

Defendant did not testify at trial.

Defendant was charged by information with (1) burglary, *i.e.*, unauthorized entry of the Newton residence with intent to commit a theft; and (2) theft of "one white/gold diamond ring, one antique

gold diamond ring, and one mans [*sic*] Masonic ring with diamonds, having a total value in excess of $300.00 ***."

█ █ Defendant argues that he was not proved guilty of burglary beyond a reasonable doubt. An element of this offense was his knowing entry of the Newton residence. (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(a).) Circumstantial evidence which produces a reasonable and moral certainty that the accused committed the crime is sufficient; the test is whether the evidence as a whole shows the accused and no one else committed the crime. (*People v. Larson* (1980), 82 Ill. App. 3d 129, 137, 402 N.E.2d 732, 739.) In *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151, *cert. denied* (1981), 454 U.S. 845, 70 L. Ed. 2d 131, 102 S. Ct. 160, our supreme court considered the propriety of instructing the jury: "If you find that the defendant had exclusive possession of recently stolen property, and there was no reasonable explanation of his possession, you may infer that the defendant obtained possession of the property by burglary." (Illinois Pattern Jury Instruction, Criminal, No. 13.21 (1968).) The court concluded that a jury could properly so infer if (1) there was a rational connection between his recent possession of property stolen in the burglary and his participation in the burglary; (2) his guilt of burglary more likely than not flows from his recent, unexplained and exclusive possession of burglary proceeds; and (3) there was corroborating evidence of the accused's guilt. (*People v. Housby* (1981), 84 Ill. 2d 415, 424, 420 N.E.2d 151, 155.) The State must prove that the accused is not a mere receiver of stolen property, guilty of theft but not burglary, an innocent purchaser without knowledge that the items are stolen, or an innocent victim of circumstances. 84 Ill. 2d 415, 423, 420 N.E.2d 151, 155; see *People v. Phoenix* (1981), 96 Ill. App. 3d 557, 560, 421 N.E.2d 1022, 1026.

█ *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151, may be profitably compared with the case at bar. In *Housby*, the defendant was observed transporting and hiding items taken in the burglary within three hours after the burglary was discovered. The sole evidence that defendant possessed the rings in question here was the testimony of Nauman and McNeill. Nauman testified that he gave defendant two rings, but did not specify when other than that it was "[t]he day we went to pawn them off." McNeill did not testify what time of day defendant sold him the rings. Therefore, assuming that McNeill was in error as to when the check was written and that bank teller Waldron was correct, this evidence does not prove that defendant possessed the rings less than 24 hours after the Newton burglary. There was no evidence that he was concealing the rings.

Rings are small and mobile and may change hands many times in 24 hours. We cannot conclude that defendant's possession of the rings was proved to be so recent that all reasonable doubt of his participation in the burglary was removed.

■ Defendant also argues that he was not properly convicted of felony theft because the value of the items which he was charged and convicted of possessing was not proved to exceed $300. On cross-examination by defense counsel, Mrs. Newton testified a jeweler appraised the Allen Stuck ring for $600. Jeweler McNeill testified that he bought this ring from defendant. Defendant maintains that the Allen Stuck ring was not described in the information. The State answers that the difference between the rings described in the information and those proved to have been in defendant's possession raises an issue of variance only. Defendant replies that if Mrs. McNeill's testimony regarding the appraisal of the Allen Stuck ring is sufficient to sustain the felony theft conviction, defendant's trial counsel was incompetent for eliciting the appraisal value, thus proving the State's case where the State failed to do so. The State moves to strike defendant's reply brief insofar as it charges defendant's trial counsel with incompetence, the State arguing that new issues may not be raised in appellant's reply brief. (87 Ill. 2d R. 341(e)(7).) We ordered the State's motion taken with the case. We consider defendant's reply brief argument an appropriate "repl[y] to arguments presented in the brief of the appellee ***." (87 Ill. 2d R. 341(g).) The State's motion to strike is therefore denied.

■ On the merits: We agree with the State's characterization of the threshold issue as one of variance. A variance between the crime charged and the crime proved is not fatal to the conviction unless the defendant was misled in his defense or exposed to double jeopardy. (*People v. Jordan* (1981), 102 Ill. App. 3d 1136, 1140, 430 N.E.2d 389, 391.) There is no double jeopardy problem here. The information correctly described the property in question as rings; it correctly stated the date of the burglary and the victim's name. The detail in the information will protect defendant from subsequent prosecution arising out of the Newton burglary. We also conclude that defendant was not prejudiced in preparing his defense. Defense counsel conceded that defendant sold two rings to jeweler McNeill; defendant's defense was that he was not shown to have entered the Newton home, and that defendant's lack of guilty knowledge was shown by his acceptance of payment by check in his own name. An accurate description of the rings in the information would not have affected these contentions. In sum, the variance was not fatal.

██ We do not find trial defense counsel's single ill-advised question of Mrs. Newton so significant as to warrant a finding that his representation of defendant was constitutionally inadequate. True, the sole proof of value of the rings in question was supplied by Mrs. Newton in answer to that question. However, Mrs. Newton was only the second witness in the State's case in chief. The State had yet to conduct its redirect examination of Mrs. Newton. Jeweler McNeill had yet to testify. Thus there was ample time for the State to elicit evidence of value of the rings at this early point in the trial. Defense counsel's question rendered further proof on the issue unnecessary. We will not assume that the State was entirely unprepared on the valuation issue. Further, the rings sold to jeweler McNeill were recovered and were in evidence at trial for the jury to see and for any competent witness to appraise. Even now, defendant does not challenge the $600 appraisal. In sum, while in hindsight defense counsel's question appears a glaring error, in proper perspective we cannot conclude that it had any effect on the conduct of the trial other than to render some of the State's proof unnecessary.

Defendant also argues that his sentence for felony theft was excessive and should be reduced to two years. We need not decide this issue. Since the burglary conviction is reversed, we vacate defendant's sentence for theft and remand for resentencing. See *People v. Ross* (1978), 60 Ill. App. 3d 857, 865, 377 N.E.2d 230, 236-37.

For the foregoing reasons, defendant's conviction for burglary is reversed, defendant's sentences are vacated, and this cause is remanded to the circuit court of Williamson County for resentencing on defendant's conviction of felony theft.

Affirmed in part, reversed in part, vacated in part, and remanded.

JONES and HARRISON, JJ., concur.