[No. E009425. Fourth Dist., Div. Two. Feb. 26, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
VINCENT LEROY SMITH, Defendant and Appellant.

## COUNSEL

Jeffrey J. Stuetz, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Raquel M. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

TIMLIN, J.—

## I.

### INTRODUCTION

Vincent Leroy Smith (defendant) was found guilty, following a jury trial, of robbery (Pen. Code, § 211)[1] and kidnapping (§ 207), a lesser offense necessarily included in the charged offense of kidnapping for robbery. The jury also found to be true the sentence enhancement allegations that (1) defendant personally used a deadly and dangerous weapon, to wit, a can opener, in the commission of the robbery and in the commission of the kidnapping within the meaning of section 12022, subdivision (b) and (2) as to each of the crimes for which he was convicted, the victim of the robbery was a person 65 years of age or older, and that such condition was known and reasonably should have been known to defendant. (§ 667.9, subd. (b).) Prior to trial defendant admitted one element of the sentence enhancement alleged under section 667.9, subdivision (b), namely, that he had a prior conviction for robbery. Defendant waived jury on the further sentence enhancement allegation that he had previously been convicted of robbery with the use of a deadly weapon within the meaning of section 667 and, after discharge of the jury, admitted the truth of the allegation.

Defendant appeals from the judgment of conviction and makes two contentions on appeal: (1) Section 667.9, to the extent that it provides for an enhanced sentence for a person who has a prior conviction for a certain felony and commits a certain felony against a person 65 years or older, and such condition is known or reasonably should be known to the defendant at the time of commission of the crime, is unconstitutionally vague under both the California and United States Constitutions, and (2) the evidence presented at trial was insufficient to support the jury's finding of the truth of that element of the sentence enhancement allegation under section 667.9, subdivision (b), which requires that defendant knows or reasonably should know that the person against whom he was committing the crimes was 65 years or older.

### II.

### FACTS

The facts are undisputed. The victim, Ms. Bugg, was 67 years, 9 months old on the day she was robbed and kidnapped by defendant. As Ms. Bugg

---

[1]All further statutory references shall be to the Penal Code unless otherwise stated.

was getting into her car at a local supermarket parking lot, defendant pushed and shoved her into the passenger seat as he told her that he had a gun, and she should comply with his demands. Defendant took Ms. Bugg's keys, started the car, and drove out of the lot. Ms. Bugg observed that he did not have a gun, but that he was armed with a can opener. Defendant told Ms. Bugg that he was on drugs and needed to get somewhere in a hurry.

Defendant, who had driven the car onto Perris Boulevard, pulled over toward the curb and demanded Ms. Bugg's purse. Ms. Bugg, who was scared and hysterical, demanded to know what defendant was doing. Defendant replied, " 'Look, old woman, you better do what I say or I'll rip your face up.' " After receiving the purse, he told Ms. Bugg to get out of the car, and accompanied this command with a shoving gesture, commenting, " 'Hurry up and get out, old lady.' "

After Ms. Bugg left the car, she was assisted by several passersby. One of these passersby, Sandra Pallie, followed defendant in her car as he drove with Ms. Bugg from the parking lot and she observed Ms. Bugg and defendant scuffling inside Ms. Bugg's car. Ms. Pallie described Ms. Bugg as "an older lady" and as an "elderly lady."

Ms. Bugg's car was recovered and defendant was arrested after a police chase. Deputy Thomas Salisbury interviewed defendant about an hour after his arrest. Defendant told him that he was addicted to heroin, and needed a car to go to Baldwin Park to pick up some heroin. He also told Salisbury that he went to the supermarket, "saw an older woman getting inside of her car and decided that that [was] the car he was going to get."

Ms. Bugg testified that at the time of the robbery and kidnapping, she looked substantially the same as she did at trial. The prosecuting attorney noted for the record that Ms. Bugg had gray hair, but did not note any of Ms. Bugg's other physical characteristics for the record. In the prosecuting attorney's closing argument, she pointed out the evidence which indicated that defendant knew or reasonably should have known that Ms. Bugg was at least 65 years old. Notably, defendant's attorney did not argue that Ms. Bugg did not appear to be at least 65 years old, but instead attempted to persuade the jury that defendant had not kidnapped Ms. Bugg for the purpose of robbery, but was instead guilty only of simple kidnapping.

III.

DISCUSSION

A. *Section 667.9 Is Not Unconstitutionally Vague on Its Face Under Either the Federal or State Constitutions*

Section 667.9, subdivision (a), provided, at the time defendant committed the robbery and kidnapping:

"Any person who has a prior conviction for any of the offenses listed in subdivision (b), and who commits one or more of the crimes listed in subdivision (b) against a person who is 65 years of age or older, or against a person who is blind, a paraplegic, or a quadriplegic, or against a person who is under the age of 14 years, and that disability or condition is known or reasonably should be known to the person committing the crime, shall receive a two-year enhancement for each violation in addition to the sentence provided under Section 667."[2]

Subdivision (c) of section 667.9 provides that the existence of any fact which would render a defendant subject to this sentence enhancement must be alleged in the information or indictment and either admitted by the defendant in open court or found to be true by the trier of fact, or by the court following a plea of guilty or nolo contendere.

In this case, the jury specifically found that Ms. Bugg was 65 years of age or older "and said disability and condition was known and reasonably should have been known to the defendant, . . ." Further, defendant admitted before trial that he previously had been convicted of robbery, an offense listed in subdivision (b) of section 667.9.

■ Defendant contends that the imposition of an enhancement based on the "65 years of age or older" provision of section 667.9 violates due process because, "when applied to age, the disjunctive 'reasonably should be known' element is unconstitutionally vague."

Defendant first concedes that the "reasonable knowledge" standard has been upheld against similar attacks on due process grounds when contained in other statutes providing for enhanced penalties for crimes against particular types of victims. (See, e.g., *People* v. *Brown* (1988) 46 Cal.3d 432, 444

---

[2]Section 667.9 was amended by Statutes 1992, chapter 265 (Sen. Bill No. 1288), section 2.

[250 Cal.Rptr. 604, 758 P.2d 1135] [a statute providing for a possible death penalty if the victim is a peace officer engaged in the performance of her duties when killed, and the killer knew or reasonably should have known the victim was such an officer was upheld against challenges on grounds that the statute was unconstitutionally vague and that actual knowledge should be required]; *People* v. *Rodriguez* (1986) 42 Cal.3d 730, 780-782 [230 Cal.Rptr. 667, 726 P.2d 113] [a statute providing for a possible death penalty if the victim is a peace officer engaged in the performance of her duties when killed, and the killer knew or reasonably should have known the victim was such an officer was upheld against constitutional challenges on the grounds that (1) the "reasonable knowledge" provision did not provide a principled way to distinguish such crimes from other first degree murders, so as to avoid implicating the Eighth Amendment proscription against disproportionate punishment and (2) the statute was vague and overly broad because the "reasonable knowledge" provision did not provide an ascertainable and fixed standard of guilt]; *People* v. *Lindsay* (1989) 209 Cal.App.3d 849, 856-858 [257 Cal.Rptr. 529] [discussing *People* v. *Rodriguez* with approval].)

Defendant then attempts to distinguish the circumstances of this case from those in *Rodriguez* and *Brown* by arguing that the "reasonable knowledge" standard, when applied to the condition of chronological age, "is nothing more than subjective guesswork" because it is based on physical appearance, and physical appearance "cannot rationally be used to distinguish those who are 65 years of age or those who are younger or older than 65." Given today's emphasis on products and services designed to make people look younger, such a standard improperly allows the jury to "decide the case on an ad hoc basis, using subjective criteria and cultural bias."

We find this purported distinction to be without merit. First, a defendant's sentence cannot be enhanced under section 667.9 unless the victim is, in fact, 65 years of age or older. Thus, defendant's examples of persons less than 65 years of age, but who appear older because of gray hair or other physical characteristics or disabilities are pointless; under section 667.9, a defendant may commit a proscribed crime against such person with no fear that he or she will face an additional enhancement simply because the victim *appeared* to be older than the victim's actual age. And what of the victim who is 65 years of age or older, but who appears to be younger than 65? A defendant who has committed a crime, designated in subdivision (b) of section 667.9, against such a person is, in fact, protected against an increased sentence solely because the victim is a certain age or older by the section's requirement that the defendant must have known, or reasonably should have known, that the victim was at least 65. Under a proper jury instruction, a jury

could conclude, in the absence of proof that defendant had actual knowledge of the victim's age, that because of the deceptively youthful appearance of the victim the defendant could not reasonably have been expected to know that the victim was at least 65 years old. In that case the sentence enhancement would not be applicable.

Can jurors determine whether a defendant reasonably should have known that his or her victim was at least 65 years old? We think so. In this regard, the comments of the court in *People* v. *Rodriguez, supra,* 42 Cal.3d 730 are instructive. That court concluded that defendant's argument that "reasonably should have known" was too vague a standard was "troubling only if one believes the average juror is unable to ascertain and apply the meaning of 'reasonably should have known' in the instruction reiterating the statutory language. We doubt this is the case. . . . [T]he average juror has the ability to cull from everyday experience a standard by which to assess the ability of a defendant to know the status of his or her victim." (*Id.* at p. 782, fn. omitted.)

*Rodriguez,* of course, involved a defendant's ability to determine whether the victim was a peace officer engaged in the performance of her or his duties. We think jurors, to whom are entrusted a great many decisions on a wide variety of factual questions, clearly have the ability to assess whether a defendant reasonably should have known that a given victim was at least 65 years old.

Defendant cites *People* v. *Jordan* (1981) 102 Ill.App.3d 1136 [58 Ill.Dec. 447, 430 N.E.2d. 389], and urges that "the court in *Jordan* realized that the Legislature adopted what amounted to a strict liability statute because a knowledge requirement, whether actual or reasonable [as to a victim's age], would be unworkable." Apparently defendant believes his analysis of *Jordan* buttresses his contention that jurors are simply unable to determine whether a defendant knew, or should have known, from physical appearances that a victim was at least a certain age, or older. However, defendant reads far too much into *People* v. *Jordan.*

In *People* v. *Jordan,* the defendant was found guilty of aggravated battery after attacking a 66-year-old woman. He challenged in the trial court the constitutionality of the statute providing for aggravated battery if one batters a person 60 years or older on the bases of irrational classification and the requirement that defendant knew the victim was 60 years or older. On appeal, he contended that he had not been proved guilty of the offense beyond a reasonable doubt because the state failed to prove he had knowledge of the victim's age before he battered her. (430 N.E.2d at p. 390.)

Faced with this issue, the reviewing court in *People* v. *Jordan* first engaged in a general discussion of aggravated battery. Under section 12-4(b)(10) of the Illinois Criminal Code of 1961 (Ill.Rev.Stat. ch. 38, par. 12-4(b)(10) (1979)), simple battery becomes aggravated if the victim is 60 years of age or older; knowledge of the victim's age is not an element of the offense of aggravated battery. A battery may also be aggravated if it is committed on or about a public way, public property, or a public place of accommodation or amusement; again, knowledge of the crime location's status as public or private property is not a required element. (Section 12-4(b)(8).) In contrast, sections 12-4(b)(3) through (7) of the Illinois Criminal Code, which provide that a battery is aggravated if the victim is a person engaged in certain work activities, require as an element of the offense that the defendant know the protected status of the victim at the time of the battery.

After noting these differing requirements of actual knowledge, the court in *People* v. *Jordan* then avoided a resolution of the issue of whether section 12-4(b)(10) of the Illinois Criminal Code was unconstitutional because it failed to require actual knowledge of the victim's age being 60 years or older. (430 N.E.2d at p. 391.) It did this by simply assuming, for the sake of argument, that defendant's conviction under section 12-4(b)(10) could not be sustained. But it then nonetheless concluded that his conviction for aggravated battery could be upheld because he had been found guilty under section 12-4(a), which section defines aggravated battery as one in which great bodily harm was inflicted on the victim and the evidence showed he had inflicted great bodily injury on the victim.

It bears pointing out that in reaching this conclusion, the court never commented, as defendant asserts, that "a knowledge requirement, whether actual or reasonable, would be unworkable." Instead, the court in *People* v. *Jordan* commented that the Legislature had concluded that to require the state to *prove* a defendant had *actual* knowledge of the victim's age would be so difficult that the purpose of the enactment would be nullified. (430 N.E.2d at p. 391.)

Thus, *People* v. *Jordan* has no persuasive value in this case, for it never resolved matter at issue here: is the "reasonable knowledge" standard unconstitutionally vague?

We conclude that the "reasonable knowledge" language in section 667.9, subdivision (b) does not make that section constitutionally "void for vagueness" on its face because all elements of the sentence enhancement provided

in that section, including "actual knowledge" or "reasonable knowledge," are clear and understandable to any person committing one of the designated crimes and to any trier of fact. Imposition of the sentence enhancement under section 667.9 did not deprive defendant of due process under either the United States or California Constitutions.

B. *There Is Sufficient Evidence to Support the Section 667.9 Enhancement*

 Defendant also contends that there is insufficient evidence to support the jury's finding that he reasonably should have known that Ms. Bugg, his victim, was age 65 years or older. He argues that although the jury could view the victim's physical appearance at trial, the prosecutor noted for the record only that Ms. Bugg's hair was gray, but did not note any other physical characteristics indicating her to be more than a certain age. According to defendant, this court "may not speculate as to any other aspect of her physical appearance," which in turn means that we "are unable to ascertain whether the [trier of facts'] view . . . was 'in fact substantial evidence supporting the trial court's finding.' " (Quoting *In re Roderick S.* (1981) 125 Cal.App.3d 48, 53 [177 Cal.Rptr. 800].)[3]

Defendant misconstrues the nature of our review of the evidence on appeal. "In reviewing sufficiency of the evidence, we view the evidence in the light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People* v. *Lewis* (1990) 50 Cal.3d 262, 277 [266 Cal.Rptr. 834, 786 P.2d 892].) Here, the record shows that the evidence presented to the jury included Ms. Bugg's physical appearance before the jury. Evidence was also presented that Ms. Bugg was just three months short of her sixty-eighth birthday on the day of the robbery. We therefore presume, in support of the judgment, that the jury could reasonably deduce from its view of Ms. Bugg's physical appearance that defendant reasonably should have known that she was at least 65 years old.

Defendant relies on *In re Roderick S., supra,* 125 Cal.App.3d 48, 53 for the proposition "this court is unable to ascertain whether the [trier of facts'] view . . . was in fact substantial evidence supporting the trial court's finding." That case, however, is distinguishable.

In *In re Roderick S.,* a juvenile was convicted of carrying a switchblade knife with a blade over two inches long. On appeal, the juvenile contended

---

[3]Notably, defendant does not contend that Ms. Bugg's physical appearance, as observed by the jury, is not evidence. Ms. Bugg's appearance before the jury is, in fact, evidence. (Evid. Code, § 140 and Cal. Law Revision Com. com. thereto; § 1102.)

that the evidence was insufficient because (1) the length of the knife blade was not established, and (2) there was no showing by the People that the knife was in fact a switchblade as defined by the Penal Code.

During the pendency of the appeal, the police department destroyed the knife, which had been an exhibit at trial, without first obtaining a court order for its disposition as required by former section 1419. The reviewing court first noted that the juvenile had not raised the issue of the length of the blade during trial, and that in any event there was substantial oral testimony describing it as having a blade four inches in length.

However, as to the switchblade mechanism of the knife, the oral testimony indicated that it was broken or defective, and that the knife had to be opened in part by hand before it could be flipped open all the way. According to this description, the knife did not meet the Penal Code description of a switchblade knife. Nonetheless, after examining the knife itself, the juvenile court found the knife to be a switchblade.

The reviewing court concluded: "Absent a testimonial description which would constitute evidence, substantial in nature before the juvenile court, and now absent the device itself, this court is unable to ascertain whether the judge's view of the knife was in fact substantial evidence supporting the trial court's finding. The unauthorized destruction of the knife denies Roderick the opportunity for a fair appellate review of the evidence and is a denial of due process." (125 Cal.App.3d at p. 53.)

Thus, in *In re Roderick S.*, evidence presented at trial was improperly destroyed; here, there was no unauthorized destruction of evidence. In *In re Roderick S.*, there was substantial evidence which was clearly contrary to the finding made by the juvenile court; here, no evidence was presented which was clearly contrary to the finding made by the jury. Under these circumstances, the presumption in favor of the judgment still applies, and Ms. Bugg's appearance before the jury, plus her testimony that she was 67 years and 9 months old on the date she was kidnapped and robbed, is substantial evidence to support the jury's finding that at the time Ms. Bugg was robbed and kidnapped defendant reasonably should have known that she was 65 years of age or older.

IV.

DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and McDaniel, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied May 26, 1993.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, senior judge status (Gov. Code, § 75028.1), sitting under assignment by the Chairperson of the Judicial Council.