Filed 12/6/24  P. v. Renix CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B331680 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA119260) |
| v. | |
| ERIC RENIX, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  James D. Otto, Judge.  Affirmed.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Roberta L. Davis and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

A jury convicted defendant Eric Renix of second degree robbery and elder abuse. The jury found true several allegations, including one that alleged Renix personally inflicted great bodily injury on a victim who was at least 70 years old under Penal Code[1] section 12022.7, subdivision (c). The court sentenced Renix to a total term of 11 years in state prison for the elder abuse conviction.

On appeal, Renix argues: (1) insufficient evidence supports his elder abuse conviction because the People failed to prove that he knew or reasonably should have known that the victim was elderly; (2) the court erred when it imposed the great bodily injury enhancement under section 12022.7, subdivision (c), because that enhancement was not alleged in the information as to the elder abuse charge; and (3) the court erred when it did not dismiss the great bodily injury enhancement without first affording great weight to the mitigating circumstances outlined in section 1385, subdivision (c)(2). As we explain, substantial evidence supports Renix's elder abuse conviction. Because Renix has not otherwise shown the court committed reversible error, we affirm.

## FACTUAL BACKGROUND

One evening in March 2022, Lawrence David Phinney, who was 75 years old and suffering from dementia, walked his dog on a sidewalk in Long Beach. Without warning, Renix punched Phinney, knocked him to the ground, and took his phone. Renix walked away while Phinney lay bleeding on the ground. Phinney

---

[1]     All further undesignated statutory references are to the Penal Code.

suffered an orbital fracture, facial fractures, pneumocephalus—or air in the brain—and several lacerations and abrasions.

Two witnesses to the assault testified at trial and described Phinney. The first witness stated that Phinney was "an older gentleman" with "white hair." The second witness described Phinney as an "elderly gentleman," an "older gentleman," and an "old man." The People also introduced the 911 call of a third witness who saw Renix attack Phinney. The third witness reported that Phinney was "an old man" and "in his 60's." The jury was also shown photographs of Phinney taken around the time of the assault.

A psychologist who specializes in eyewitness identifications testified for Renix. The psychologist explained several factors related to the suggestiveness of eyewitness identifications.

## PROCEDURAL BACKGROUND

The People charged Renix with second degree robbery (§ 211; count 1), elder abuse (§ 368, subd. (b)(1); count 2), and two additional crimes arising out of a separate incident (counts 3 and 4). As to count 1, the People alleged that Renix personally inflicted great bodily injury on a victim who was at least 70 years old (§ 12022.7, subd. (c)). As to count 2, the People alleged that the victim was 75 years old and suffered great bodily injury (§ 368, subd. (b)(2)). As to counts 1 and 2, the People alleged that Renix personally inflicted great bodily injury within the meaning of section 969f. As to all counts, the People alleged nine aggravating factors under California Rules of Court, rule 4.421 (Rule 4.421). The People also alleged that Renix suffered a prior strike conviction for first degree burglary in 2017 (§§ 667; 1170.12). After the evidence phase of Renix's trial, the court granted the People's motion to amend count 2 of the information

3

to allege that Renix personally inflicted great bodily injury on a victim who was at least 70 years old under section 12022.7, subdivision (c).

A jury found Renix guilty of counts 1 and 2, and not guilty of counts 3 and 4. As to counts 1 and 2, the jury found that Renix personally inflicted great bodily injury on a victim who was at least 70 years old and, as to count 2, the jury found that the victim was 75 years old and suffered great bodily injury. Renix later admitted the prior strike conviction allegation. He also admitted that the prior strike conviction qualified as an aggravating factor under Rule 4.421(b)(3).

The court sentenced Renix to a total term of 11 years in state prison for count 2. The court stayed imposition of sentence for count 1 under section 654.

Renix appeals.

## DISCUSSION

1. **Substantial evidence supports the jury's finding that Renix knew or reasonably should have known that the victim was elderly**

Renix contends insufficient evidence supports his elder abuse conviction. Specifically, he argues the People failed to prove that he knew or reasonably should have known that Phinney was at least 65 years old at the time of the underlying assault. We disagree.

To support a conviction for elder abuse, the People must prove that the defendant knew or reasonably should have known that the victim was elderly and that, under circumstances or conditions likely to produce great bodily harm or death, the defendant willfully caused the victim to suffer unjustifiable pain or mental suffering. (*People v. Racy* (2007) 148 Cal.App.4th 1327,

4

1331–1332; § 368, subd. (b)(1).)  For purposes of the elder abuse statute, an elderly person is defined as someone who is at least 65 years old.  (§ 368, subd. (g).)

We review a challenge to the sufficiency of the evidence to support a conviction for substantial evidence.  (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)  We view the entire record in the light most favorable to the judgment to determine whether any rational trier of fact could have found the evidence proved the elements of the crime beyond a reasonable doubt.  (*Ibid*.)  We draw all reasonable inferences in favor of the judgment, and we presume the existence of every fact the jury could reasonably deduce from the evidence.  (*Ibid*.; *People v. Lewis* (1990) 50 Cal.3d 262, 277.)  We do not reweigh the evidence or reevaluate the credibility of witnesses.  (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

If the evidence supports the jury's findings, our opinion that the evidence might also support a contrary finding does not warrant reversal of the conviction.  (*People v. Cravens* (2012) 53 Cal.4th 500, 508 (*Cravens*).)  Before we may set aside the judgment, it must be clear that "upon no hypothesis whatever is there sufficient substantial evidence to support it."  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  As we explain, substantial evidence supports the jury's finding that Renix knew or reasonably should have known that Phinney was at least 65 years old.

*People v. Smith* (1993) 13 Cal.App.4th 1182 (*Smith*) is instructive.  There, a jury found true an allegation that the defendant committed an enumerated felony against a person who was at least 65 years old.  (*Id*. at p. 1184.)  To support the allegation, the People were required to prove that the defendant

5

knew or reasonably should have known that the victim was at least 65 years old. (*Ibid*.) The defendant argued on appeal that insufficient evidence supported the jury's finding that he had constructive knowledge that the victim was at least 65 years old. (*Id.* at pp. 1190–1191.)

The Court of Appeal rejected the defendant's argument, explaining that "the record shows that the evidence presented to the jury included [the victim's] physical appearance before the jury," as well as evidence that the victim "was just three months short of her sixty-eighth birthday on the day of the robbery." (*Smith, supra*, 13 Cal.App.4th at p. 1190.) The court concluded that it must "presume, in support of the judgment, that the jury could reasonably deduce from its view of [the victim's] physical appearance that defendant reasonably should have known that she was at least 65 years old." (*Ibid*.)

This case is like *Smith*. The jury heard testimony that Phinney was 75 years old at the time Renix attacked him. Although Phinney did not testify at trial, the jury was shown photographs of him near the time of the attack. In addition, three witnesses to the attack described Phinney's appearance. Two witnesses described Phinney as "older" or "elderly," with one of those witnesses also testifying that Phinney had "white hair." The third witness described Phinney as an "old man" who was "in his 60's." Viewing this evidence in the light most favorable to the judgment, a jury reasonably could have found that Renix reasonably should have known that Phinney was 65 years old or older at the time of the offense. (See *Smith, supra*, 13 Cal.App.4th at p. 1190.)

Renix argues it was unreasonable for the jury to find he had constructive knowledge that Phinney was at least 65 years

6

old because one of the witnesses claimed Phinney was "in his 60's" and some of the photographs shown to the jury depicted Phinney as someone who "easily can pass for under 65." According to Renix, there was "evidence to suggest that [he] *might not* have known that the victim was at least 65 [years old]." Essentially, Renix argues the evidence supports a contrary finding about Phinney's apparent age. But it is not our job to resolve such conflicts on appeal. (*Cravens*, *supra*, 53 Cal.4th at p. 508.) The jury was able to view the photographs of Phinney and consider the testimony of the witnesses who described Phinney's appearance around the time of the assault. As we just explained, a rational jury could conclude from this evidence that Renix reasonably should have known that Phinney was at least 65 years old at the time of the assault.

Finally, Renix argues we should disregard Randall Skillern's description of Phinney, the witness who described Phinney as "older" or "elderly," because Skillern's statements were "hearsay." According to Renix, Skillern did not testify at trial. Instead, Renix claims, Skillern's description of Phinney's physical appearance was relayed through a police officer. Renix misconstrues the record. Skillern was called and sworn as a witness at trial. He testified about what he observed when Renix attacked Phinney and described Phinney's physical appearance at the time of the assault. Renix did not object to Skillern's testimony describing Phinney's appearance, and Renix does not otherwise argue why Skillern's testimony should not have been admitted at trial. The jury, therefore, properly considered Skillern's description of Phinney when determining whether Renix reasonably should have known that Phinney was at least 65 years old.

7

In sum, substantial evidence supports the jury's finding that Renix knew, or reasonably should have known, that Phinney was elderly when Renix attacked him.

**2. Renix was not prejudiced by the People's failure to plead in the original information the section 12202.7, subdivision (c) great bodily injury enhancement as to the elder abuse charge**

Renix next contends the court erred when it imposed a five-year sentencing enhancement under section 12022.7, subdivision (c), because the People never alleged that enhancement in the information as to count 2—the elder abuse charge. As we explain, any error was harmless.

As to counts 1 and 2, the People alleged that Renix personally inflicted great bodily injury on the victim under section 969f. As to count 1, the People alleged that Renix personally inflicted great bodily injury on a victim who was at least 70 years old under section 12022.7, subdivision (c). Although the People alleged as to count 2 that the victim was 75 years old and suffered great bodily injury under section 368, subdivision (b)(2), they did not allege as to that count the section 12022.7, subdivision (c) great bodily injury enhancement.

After the parties rested, and while they were discussing with the court what instructions should be given to the jury, the court noted that the People did not allege the section 12022.7, subdivision (c) great bodily injury enhancement as to count 2. The prosecutor then made an oral motion to amend the information to allege that enhancement as to count 2. The court granted the prosecutor's motion over Renix's objection, noting that "there's certainly no prejudice" to Renix because the People alleged a great bodily injury enhancement under section 969f as to count 2.

8

Section 1170.1, subdivision (e) provides that "[a]ll enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."  Due process also requires that a defendant be provided " 'fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes.' "  (*People v. Anderson* (2020) 9 Cal.5th 946, 953 (*Anderson*).)

Under section 1009, the court may allow amendment of the information at any stage of the proceedings provided the amendment does not change the offense charged in the original information to one not shown by the evidence presented at the preliminary hearing.  (*People v. Hamernik* (2016) 1 Cal.App.5th 412, 424 (*Hamernik*).)  If the defendant's substantial rights would be prejudiced by the amendment, a reasonable postponement not longer than the ends of justice require may be granted.  (*Ibid*.)  We review a court's decision to allow the People to amend the information for abuse of discretion.  (*Ibid*.)

We need not decide whether the court erred in allowing the People to amend the information after the evidence phase of trial to allege the great bodily injury enhancement under section 12022.7, subdivision (c) as to count 2 because, even assuming it was error to do so, that error was harmless beyond a reasonable doubt.  (See *Anderson*, *supra*, 9 Cal.5th at pp. 963–964 [failure to allege sentencing enhancement as to specific charge subject to harmless error analysis].)  Although Renix objected to the prosecutor's motion to amend the information, he did not ask for permission to reopen his case or for additional time to respond to the amendment.  (See *Hamernik*, *supra*, 1 Cal.App.5th at p. 424.)  Renix does not contend that he would have done anything

9

different at trial had the original information alleged the great bodily injury enhancement as to count 2. Nor does he assert that he would have reconsidered his not guilty plea or that he would have applied a different strategy in preparing his defense.

Further, the information alleged all the elements of the section 12022.7, subdivision (c) great bodily injury enhancement for count 2. To establish that enhancement, the People must prove: (1) the defendant personally inflicted great bodily injury on the victim, who is someone other than an accomplice, during the commission of a felony or attempted felony; and (2) the victim was at least 70 years old. (See *People v. Cardenas* (2015) 239 Cal.App.4th 220, 227; § 12022.7, subd. (c).) In count 2, the information alleged that Phinney was 75 years old and suffered great bodily injury under section 368, subdivision (b)(2). The information also alleged as to counts 1 and 2, that Renix inflicted great bodily injury on Phinney during the commission of the robbery and elder abuse offenses (§ 969f). Thus, as to count 2, Renix was aware that he needed to defend against allegations that he personally inflicted great bodily injury on Phinney and that he knew, or reasonably should have known, that Phinney was 75 years old.

In sum, any error in allowing the People to amend the information after the evidence phase of trial to allege the section 12022.7, subdivision (c) great bodily injury enhancement as to count 2 was harmless beyond a reasonable doubt.

3. **Renix has not shown the court abused its discretion under section 1385, subdivision (c)**

Finally, Renix argues the court erred when it refused to strike the section 12022.7, subdivision (c) great bodily injury enhancement without first giving great weight to certain

10

mitigating circumstances outlined in section 1385, subdivision (c)(2). As we explain, Renix has not shown the court abused its discretion when it did not strike the great bodily injury enhancement.

### 3.1. Additional background

In his sentencing memorandum, Renix asked the court to strike his prior strike conviction under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. He also requested the court strike the section 12022.7, subdivision (c) great bodily injury enhancement under section 1385, subdivision (c)(2). Renix argued his conduct giving rise to the robbery and elder abuse convictions likely stemmed from his mental health issues, developmental disabilities, childhood trauma, and sexual victimization.

In support of his sentencing memorandum, Renix submitted a psychologist's report from October 2022, diagnosing him with "[u]nspecified schizophrenia spectrum and other psychotic disorder," "[u]nspecified depressive disorder," and "[s]timulant use disorder, amphetamine-type, moderate, in a controlled environment." The report concluded that, at the time, Renix was not competent to stand trial. Renix also submitted medical records showing he was prescribed various medications to treat his mental health issues.

In addition, Renix submitted copies of his dependency court records.[2] Renix's mother died when he was seven years old, and

---

[2] Although this court granted Renix's motion to augment the appellate record with copies of his dependency court records, the superior court could not locate those records. Accordingly, we draw the following summary of the trauma and developmental

he never met his biological father.  Renix's mother used drugs in front of him and his siblings.  Renix's mother was physically abused by her male romantic partners.  After his mother died, Renix lived with several maternal relatives, including his maternal aunt.  Renix and his sister were physically abused while living with the aunt.  When he was 14 years old, Renix was diagnosed with an unspecified depressive disorder and attention deficit hyperactivity disorder.  By the eighth grade, Renix was reading at only a first grade level.

Before sentencing Renix, the court noted that it "read and considered the sentencing memoranda that were submitted by both the People and [Renix]."  The court sentenced Renix to a total term of 11 years in prison for count 2.  The court selected the middle term of three years for the elder abuse conviction, doubled to six years under the "Three Strikes" law, plus five years for the section 12022.7, subdivision (c) great bodily injury enhancement.

The court explained how it calculated Renix's sentence: "The total aggregate sentence . . . is slightly less than the maximum I could give in this case.  I understand defendant has mental health and other issues, but he has unfortunately a record, prior strike, and in this case he assaulted an elderly man who he surely didn't know had suffered from dementia.  I think, based on what the People proved up and his admissions, I could have increased the sentence to the high term, but I elected not to do that for the reasons of the defendant's prior convictions that were outlined in the defendant's memorandum."

---

disabilities that Renix experienced during his childhood and adolescence from his sentencing memorandum.

12

### 3.2. Applicable law and standard of review

Under section 1385, subdivision (a), the court may strike an enhancement "in the furtherance of justice."  If the court strikes the enhancement, it must state "[t]he reasons for the dismissal . . . orally on the record."  (§ 1385, subd. (a).)  Effective January 1, 2022, the Legislature amended section 1385 to provide trial courts guidance in exercising their discretion to dismiss sentencing enhancements.  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 723–724.)

Section 1385, subdivision (c), now provides that trial courts "shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  (§ 1385, subd. (c)(1).)  The statute also states that courts "shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (§ 1385, subd. (c)(2).)  Two mitigating factors under section 1385, subdivision (c)(2) are relevant here:  "(D) The current offense is connected to mental illness"; and "(E) The current offense is connected to prior victimization or childhood trauma."  (§ 1385, subd. (c)(2).)

We review a trial court's order denying a motion to strike a sentencing enhancement under section 1385 for abuse of discretion.  (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478,

490.)  The trial court must exercise its sentencing discretion "in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval* (2007) 41 Cal.4th 825, 847, superseded by statute on another ground as stated in *People v. Lewis* (2023) 88 Cal.App.5th 1125, 1132.)  A court abuses its discretion when it applies the wrong legal standard or bases its decision on findings that are not supported by substantial evidence.  (*People v. Moine* (2021) 62 Cal.App.5th 440, 449.)

The party challenging the sentence carries the burden " ' "to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

### 3.3.   Analysis

Renix contends the court failed to afford great weight to his mental health issues and his childhood trauma under section 1385, subdivision (c)(2)(D) and (E).  Renix points to the fact that the court never stated that it provided "great weight" to those factors before it imposed the great bodily injury enhancement under section 12022.7, subdivision (c).  This argument lacks merit.

As a preliminary matter, nothing in section 1385 requires the trial court to articulate its reasons for not dismissing a sentencing enhancement in the furtherance of justice.  The statute requires only that the court provide its reasons when it decides to dismiss an enhancement.  (See § 1385, subd. (a).)

14

Accordingly, the court was " 'not required to state reasons for declining to exercise its discretion under section 1385.' " (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637 (*Brugman*).)

Before it pronounced Renix's sentence, the court stated that it read and considered Renix's and the People's sentencing memoranda. The court also acknowledged that Renix has "mental health and other issues" when it explained how it calculated Renix's sentence. Although the court did not make any express findings regarding its decision to impose the great bodily injury enhancement, it never stated that it did not give great weight to Renix's mental health issues or his childhood trauma. Because nothing in the record shows the court misunderstood or otherwise abused its discretion under section 1385, we must presume the court " 'considered all of the relevant factors in the absence of an affirmative record to the contrary.' " (*Brugman*, *supra*, 62 Cal.App.5th at p. 637.)

Renix also contends that the court could not impose the great bodily injury enhancement without first finding that its dismissal would endanger public safety because he presented evidence that the elder abuse charge was connected to his mental health issues and childhood trauma. The California Supreme Court recently rejected this argument, and we are bound by its decision.

In *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*), the court held that section 1385, subdivision (c) "does not erect a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety." (*Id.* at p. 1033.) "Stated simply, if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement.

But ultimately, the court must determine whether dismissal is in furtherance of justice. This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id*. at p. 1036.)

When it pronounced sentence, the court acknowledged that it weighed Renix's criminal record, including his prior strike, and the fact that he attacked an elderly man during the incident giving rise to the charges in this case against his "mental health and other issues." The evidence of Renix's criminal history and his continuing violent conduct in this case was "substantial, credible evidence of countervailing factors" that neutralized the great weight the court was required to afford to the mitigating factors. (*Walker*, *supra*, 16 Cal.5th at p. 1036.) Because nothing in the record shows the court ignored or failed to properly weigh those mitigating factors before imposing the great bodily injury enhancement, we find no abuse of discretion. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary"].)

16

## DISPOSITION

The judgment is affirmed.


                                    VIRAMONTES, J.

WE CONCUR:


GRIMES, Acting P. J.


WILEY, J.